UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    CASE NO.  8:10-CR-509-T-17TGW

AMADEO WENCESLAO
JUNCOS GRIJALVA.

_____/

ORDER

This cause is before the Court on:

Dkt. 126       Motion Under Rule 35(b)


Defendant Amadeo Wenceslao Juncos Grijalva, pro se, requests
relief under Fed. R. Crim. P. 35(b).

The Court notes that Defendant's counsel, Scott Kalisch, Esq., has filed
a Waiver of Conflict.  (Dkt. 125).

After entering into a Plea Agreement, Defendant was sentenced on March
11, 2015 on Count 2 of the Indictment.  At sentencing, the Court granted the
Government's Motion to Recognize Defendant's Substantial Assistance pursuant
to Sec. 5K1.1, a two-level reduction from the total offense level of Defendant's
advisory guideline range.  Count 1 of the Indictment was dismissed on motion of
the Government.

Defendant's Plea Agreement recognizes that if cooperation is completed
subsequent to sentencing, the Government agrees to consider whether such
cooperation qualifies as "substantial assistance" in accordance with the policy of
the United States Attorney for the Middle District of Florida.  Defendant's Plea

Agreement further provides that "[D]efendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." (Dkt. 71, pp. 5-6).

Federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion to grant a remedy if they find that the refusal was based on an unconstitutional motive, like race or religion. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even an evidentiary hearing. Judicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation. See Wade v. United States, 504 U.S. 181 (1982); United States v. Nealy, 232 F.3d 825 (11th Cir. 2000).

Defendant Amadeo Wenceslao Juncos Grisalva does not allege or make any showing that the Government has refused to file a substantial assistance motion because of a constitutionally impermissible motivation.

After consideration, the Court denies pro se Defendant's Motion for Rule 35(b). Accordingly, it is.

**ORDERED** that pro se Defendant Amadeo Wenceslao Juncos Grisalva's Motion for Rule 35(b) (Dkt. 126) is **denied**.

Case No. 8:10-CR-509-T-17TGW

The Clerk of Court **shall provide** a copy of this Order to pro se Defendant by U.S. Mail.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 8th day of March, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

Scott Kalisch, Esq.

AUSA Joseph Ruddy

Amadeo Wenceslao Juncos Grijalva
No. 60621-018
D. Ray James C. F.
P. O. Box 2000
Folkston, GA    31537